<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XAVIER EPPS, | |
| Plaintiff, | Case No. 2:25-cv-18480 (BRM)(AME) |
| v. | **OPINION** |
| BECKY SCOTT, *et al.*, | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Xavier Epps' ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Complaint should be dismissed in its entirety.

**I.    BACKGROUND**

The Court will construe the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a pretrial detainee confined at Hudson County Correctional Center ("HCCC"). (*See generally* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against (1) Becky Scott, (2)

Sharonda Murrell, (3) Michael D'Antico, (4) Maxim Casas, (5) Doctor Canigilia, (6) Doctor Benjamin, (7) Baeza, (8) Smith, and (9) Nurse Pincher.[1] (*Id.* at 1, 4.)

In the Complaint, Plaintiff alleges he spoke to "Dr. Canigilia, Dr. Stephen A, Dr. Benjamin, Nurse Pincher, Nurse Blessing, another black NP, Nurse Sam, Correctional Officer Polgaze, Baeza, Smith, Verras, Sgt. Mendoza, and Sgt. Preide." (ECF No. 1 at 5.) Plaintiff alleges he spoke to Officers Smith and Baeza several times and Baeza informed Plaintiff he would call the medical department, but nothing was done. (*Id.* at 5–6.) Baeza refused to call the medical department when Plaintiff's medication was not on the cart, but he would inform the nurses of such. (*Id.* at 6.) Baeza sent Plaintiff to the medical department in response to Plaintiff's complaints. (*Id.*) The Complaint submits Correctional Officer Polgaze called medical for him and the Ombudsman brought Plaintiff's complaints to the medical department. (*Id.*) Plaintiff alleges Administrator Michael D'Antico and Maxim Casas still have not provided Petitioner with his Crohn's medication. (*Id.*) Finally, Plaintiff alleges Baeza and Smith refused to call a "medical emergency," and Dr. Benjamin said they cannot "send [him] out [because] it cost too much." (*Id.* at 7.)

Plaintiff seeks monetary and declarative relief. (*Id.* at 6–7.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim

---

[1] The docket spells Defendant D'Antico's name D'Anko. The Complaint spells the name as D'Antico, so the Court will refer to this defendant as D'Antico. The docket lists Defendants Baeze and Smith as Dr. Baeze and Smith. Based on the Complaint, it does not appear that these defendants are doctors.

with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**A. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. Failure to State a Claim

##### 1. *Defendants Michael D'Antico and Maxim Casas - Supervisory Liability*

The Complaint submits only that Defendants D'Antico and Casas, as administrators of HCC, failed to provide Plaintiff with medication. (ECF No. 1 at 6.) The Court construes the Complaint as raising Eighth Amendment deliberate indifference claims against Defendants Michael D'Antico and Maxim Casas as administrators of HCCC under a theory of supervisory liability.

The Eighth Amendment requires prison officials to provide humane conditions of confinement. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "For [the conditions of confinement] to rise to the level of an Eighth Amendment violation, [they] must 'result in the denial of "the minimal civilized measure of life's necessities."'" *Betts*, 621 F.3d at 256 (quoting *Farmer*, 511 U.S. at 835). A "failure to provide minimally civil conditions of confinement to pre-trial detainees violates their rights against punishment without due process of law." *Roman v. DeMarco*, No. 18-8010, 2019 WL 452736, at *2 (D.N.J. Feb. 5, 2019) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173–74 (3d Cir. 1997)).

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional

4

violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

> To hold a supervisor liable for their deficient policy or practice,
>
>> the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on 'many privileges and rights,'" and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record to indicate that the officials have exaggerated their response" to the situation. 972 F.3d at 326 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23, 545–46 (1979)). In the Complaint, Plaintiff appears to argue Defendants D'Antico and Casas, as administrators at HCCC, failed to ensure Plaintiff received his

5

medication. (*See* ECF No. 1 at 6.) Plaintiff fails to state a plausible claim for relief for deliberate indifference to Plaintiff's medical needs against Defendants D'Antico and Casas as supervisors. The Complaint is devoid of any factual allegations against Defendants D'Antico and Casas. Plaintiff fails to allege facts to show Defendants D'Antico and Casas had any direct involvement in the harm alleged, nor does he allege facts that show the alleged denial of medical care was the result of a policy or procedure. Plaintiff thus fails to provide any allegations as to Defendants D'Antico and Casas' supervisory liability, and said claim must be dismissed without prejudice for failure to state a claim. *See Iqbal*, 556 U.S. at 678.

### 2. *Defendants Dr. Benjamin, Corrections Officer Baeza, and Corrections Officer Smith - Fourteenth Amendment Deliberate Indifference*

The Court liberally construes the Complaint as raising Fourteenth Amendment deliberate indifference to Plaintiff's medical needs claims against Defendants Dr. Benjamin, Baeza, and Smith. (*See* ECF No. 1.)

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp. 3d 387, 403 (D.N.J. 2016). To state such a claim, a pretrial detainee must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

Here, Plaintiff alleges Defendants Baeza and Smith refused to call a "medical emergency," and Defendant Dr. Benjamin said they cannot "send [him] out [because] it cost too much." (ECF No. 1 at 7.) Plaintiff alleges he spoke to Defendants Smith and Baeza several times and Baeza informed Plaintiff he would call the medical department. (*Id.* at 5–6.) Additionally, Plaintiff alleges

Defendant Baeza refused to call the medical department when Plaintiff's medication was not on the cart but stated he would inform the nurses of such. (*Id.* at 6.)

Plaintiff fails to allege any facts regarding what his medical needs were. Plaintiff makes a vague allegation that Defendants Baeza and Smith refused to call a medical emergency, without any facts regarding how these defendants were aware of a medical emergency or what the emergency was. Plaintiff makes only a vague allegation that he was not provided with medication but does provide any facts regarding what medical treatment he was provided with, what medication was needed, and who failed to provide him with medication. Additionally, Plaintiff fails to allege facts regarding how Defendant Dr. Benjamin was aware of Plaintiff's medical needs and was deliberately indifferent to them. Finally, Plaintiff acknowledges Defendant Baeza offered to tell the nurses about Plaintiff's medication issues. As such, any Fourteenth Amendment deliberate indifference claims against Defendants Dr. Benjamin, Baeza, and Smith are dismissed without prejudice for failure to state a claim for relief under § 1915A(b)(1).

### 3. *Defendants Becky Scott, Shoronda Murrell, and Dr. Canigilia - Personal Involvement*

The Complaint names Defendants Becky Scott, Sharonda Murrell, and Dr. Canigilia as Defendants. (ECF No. 1 at 1.) However, these Defendants are not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendants Scott, Murrell, and Canigilia. (*See generally* ECF No. 1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege personal involvement by Defendants Scott, Murrell, and Canigilia. Thus, any claims against

Defendants Scott, Murrell, and Canigilia are dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: January 22, 2026